IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| KEVIN W. WILSON | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. CIV-18-553-SM |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Kevin W. Wilson (Plaintiff) brings this action for judicial review of the Defendant Acting Commissioner of Social Security's final decision he was not "disabled" under the terms of the Social Security Act. *See* 42 U.S.C. §§ 405(g), 423(d)(1)(A). The parties have consented under 28 U.S.C. § 636(c) to proceed before a United States Magistrate Judge. Docs. 8, 13.[1] Following a careful review of the parties' briefs, the administrative record (AR), and the relevant authority, the court reverses the Commissioner's decision.

---

[1] Citations to the parties' pleadings and attached exhibits will refer to this Court's CM/ECF pagination. Citation to the Administrative Record will refer to its original pagination.

## I. Administrative determination.

### A. Disability standard.

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). "This twelve-month duration requirement applies to the claimant's inability to engage in any substantial gainful activity, and not just his underlying impairment." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citing *Barnhart v. Walton*, 535 U.S. 212, 218-19 (2002)).

### B. Burden of proof.

Plaintiff "bears the burden of establishing a disability" and of "ma[king] a prima facie showing that he can no longer engage in his prior work activity." *Turner v. Heckler*, 754 F.2d 326, 328 (10th Cir. 1985). If Plaintiff makes that prima facie showing, the burden of proof then shifts to the Commissioner to show Plaintiff "retains the capacity to perform an alternative work activity and that this specific type of job exists in the national economy." *Id.* (citation omitted).

## C.  Relevant findings.

### 1.  Administrative Law Judge's findings.

The ALJ assigned to Plaintiff's case applied the standard regulatory analysis and concluded Plaintiff had not met his burden of proof. AR 16-28; *see* 20 C.F.R. §§ 404.1520(a)(4); 416.920(a)(4); *see also Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (describing the five-step analysis). Specifically, the ALJ found Plaintiff:

(1) did not engage in substantial gainful activity during the period from his alleged onset date of July 25, 2015;

(2) had the following severe impairments: dysfunction of major joints; osteoarthritis of the bilateral knees; reconstructive surgery of weight bearing joints, and obesity;

(3) did not have an impairment or combination of impairments that met or medically equaled the severity of a listed impairment;

(4) had the residual functional capacity[2] to perform sedentary work as defined in 20 C.F.R. § 404.1567(a) & 416.967(a), with additional limitations;

(5) could perform his past relevant work as a customer service representative, (Dictionary of Occupational Titles 241.367-14, 1991 WL 672252 (4th ed. 1991)); and, so

(6) had not been under a disability, as defined in the Social Security Act, from July 25, 2015 through June 28, 2017.

AR 18-28.

---

[2] Residual functional capacity "is the most [a claimant] can still do despite [a claimant's] limitations." 20 C.F.R. §§ 404.1545(a), 416.945(a).

3

### 2. Appeals Council's action.

The Social Security Administration's Appeals Council reviewed Plaintiff's request for review and his brief and determined his arguments provided no basis for changing the ALJ's decision. *Id.* at 1-6. The ALJ's decision is thus the Commissioner's final decision. *See Krauser v. Astrue*, 638 F.3d 1324, 1327 (10th Cir. 2011).

## II. Judicial review of the Commissioner's final decision.

### A. Review standards.

A court reviews the Commissioner's final "decision to determine whether the factual findings are supported by substantial evidence and whether the correct legal standards were applied." *Mays v. Colvin*, 739 F.3d 569, 571 (10th Cir. 2014) (internal quotation marks omitted). Substantial evidence is "more than a scintilla, but less than a preponderance." *Lax*, 489 F.3d at 1084. A decision is not based on substantial evidence "if it is overwhelmed by other evidence in the record." *Wall*, 561 F.3d at 1052 (internal quotation marks omitted). The court "cannot reweigh the evidence or substitute [its] judgment for that of the administrative law judge's." *Smith v. Colvin*, 821 F.3d 1264, 1266 (10th Cir. 2016).

Further, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence." *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993). However, the court "must

'exercise common sense' in reviewing an ALJ's decision and must not 'insist on technical perfection.'" *Jones v. Colvin*, 514 F. App'x 813, 823 (10th Cir. 2013) (quoting *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1166 (2012)). The ALJ's decision must be evaluated "based solely on the reasons stated in the decision." *Robinson v. Barnhart*, 366 F.3d 1078, 1084 (10th Cir. 2004). A "post hoc rationale is improper because it usurps the agency's function of weighing and balancing the evidence in the first instance." *Carpenter v. Astrue*, 537 F.3d 1264, 1267 (10th Cir. 2008).

### B. Plaintiff's claims of error.

Plaintiff argues that (1) substantial evidence does not support the RFC's physical assessment; (2) the ALJ's "own findings" do not support the RFC relating to mental impairments; (3) the ALJ failed to perform the requisite function-by-function assessment under SSR 96-8p; and (4) the ALJ's step-four determination is legally and factually flawed. Doc. 16, at 3. Because the court agrees with Plaintiff's argument regarding his mental impairments, and reverses and remands for further proceedings, the court does not address the remaining issues Plaintiff raises. *See Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003) ("We will not reach the remaining issues raised by appellant because they may be affected by the ALJ's treatment of this case on remand.").

### 1. The ALJ's evaluation of Plaintiff's mental impairments.

Plaintiff maintains that although the ALJ "acknowledged Plaintiff to have medically determinable, 'non-severe' impairments" and "mild limitations" in various areas, he "failed to include these limitations in the RFC." Doc. 16, at 4. The court agrees.

### 2. Findings at steps two and four.

The ALJ

> must evaluate the effect of a claimant's mental impairments on h[is] ability to work using a "special technique" prescribed by the Commissioner's regulations. 20 C.F.R. §§ 404.1520a(b)-(d), 416.920a(b)-(d). At step two of the Commissioner's five-step analysis, this special technique requires the ALJ to determine whether the mental impairment is "severe" or "not severe." *Id.* §§ 404.1520a(d), 416.920a(d). But the regulations also instruct that even if the ALJ determines that a claimant's medically determinable mental impairments are "not severe," he must further consider and discuss them as part of his RFC analysis at step four. *See id.* §§ 404.1545(a)(2), 416.945(a)(2).

*Wells v. Colvin*, 727 F.3d 1061, 1064 (10th Cir. 2013).

> [T]he Commissioner's procedures do not permit the ALJ to simply rely on his finding of non-severity as a substitute for a proper RFC analysis. *See* [SSR] 96-8p, 1996 WL 374184, at *4 (July 2, 1996) (noting that criteria used at steps two and three of the analysis to evaluate mental impairments are "not an RFC assessment," and that "[t]he mental RFC assessment used at steps 4 and 5 of the sequential evaluation process requires a more detailed assessment by itemizing various functions contained in the broad categories found in paragraphs B and C of the adult mental disorders listings in 12.00 of the Listing of Impairments, and summarized on the [Psychiatric Review Technique Form]."). Finally, and most importantly, the ALJ's "RFC assessment must include a narrative discussion describing how the evidence supports each

> conclusion, citing specific medical facts ... and nonmedical evidence." *Id.* at \*7.

*Id.* at 1065.

Here, the ALJ relied upon the opinions of James Sturgis, Ph.D., who opined Plaintiff has a medically determinable impairment that does not satisfy the diagnostic criteria for an anxiety-related disorder, Listing 12.06. AR 19, 121. Dr. Sturgis also opined Plaintiff had no restrictions in the activities of daily living, no difficulties in maintaining social functioning, no difficulties in maintaining concentration, persistence, or pace, and no episodes of decompensation, each of extended duration. *Id.* at 19, 122. Dr. Sturgis opined the evidence does not establish the presence of the paragraph "C" criteria. *Id.* at 19, 122. The ALJ incorporated Dr. Sturgis's written explanation supporting his opinion into the ALJ's decision. *Id.* at 19.

At the reconsideration level, Stephen Scott, Ph.D., opined Plaintiff has a medically determinable impairment that does not satisfy the diagnostic criteria for an affective disorder, Listing 12.04. *Id.* at 19, 157-58. Dr. Scott also opined Plaintiff had no restrictions in the activities of daily living, mild difficulties in maintaining social functioning, mild difficulties in maintaining concentration, persistence, or pace, and no episodes of decompensation, each of extended duration. *Id.* at 19, 158. Dr. Scott opined the evidence does not establish the presence of the paragraph "C" criteria. *Id.* at 19-20, 158. The

ALJ incorporated Dr. Scott's written explanation supporting his opinion into the ALJ's decision. *Id.* at 19.

The ALJ concluded Plaintiff has depression and anxiety, but that when considered singly and in combination, under Listings 12.04 and 12.06, they do not cause more than minimal limitation in Plaintiff's ability to perform basic mental work activities and are therefore, not severe. *Id.* at 20. The ALJ concluded Plaintiff has mild limitations in understanding, remembering, or applying information; in interacting with others; in his ability to concentrate, persist or maintain pace, and in his ability to adapt or manage himself. *Id.*

In assessing Plaintiff's RFC, the ALJ stated Plaintiff "has no mental limitations or restrictions of any kind." *Id.* at 21. At the hearing, while questioning the vocational expert, the ALJ engaged in this colloquy:

> ALJ: I want to go through some hypotheticals with you . . . . As you're probably aware among other opinions I'm required to consider the opinions of the non-examining, non-treating state agency doctors at both the initial determination and on appeal. So let's go ahead and take care of them.
>
> VE: Okay.
>
> ALJ: Lucky for us in this case they happen to be the same. *You don't need to worry about the mental side.* Why? Because both Dr. Sturg[i]s and Dr. Scott completed psychiatric review techniques. They found the claimant did, in fact, have a medically determinable impairment but under the B and C criteria they opined it was not severe.
>
> VE: Okay.

ALJ: So *I won't be giving you any mental restrictions.*

VE: Okay.

AR 91-92 (emphases added).

### 3. Analysis.

As in *Wells,* at step two, "[h]ere, the ALJ found that [Plaintiff's] alleged mental impairments were medically determinable but non-severe." 727 F.3d at 1065. But "a conclusion that the claimant's mental impairments are non-severe at step two does not permit the ALJ simply to disregard those impairments when assessing a claimant's RFC and making conclusions at steps four and five. *Id.* at 1068-69.

Here, the ALJ specifically excluded any mental restrictions or limitations from the hypothetical questions he posed, and ultimately from the RFC assessment. AR 19-20, 21, 91-92; *Wells*, 727 F.3d at 1065 (reversing after ALJ found "alleged mental impairments were medically determinable but non-severe" and "then used language suggesting he had excluded them from consideration as part of his RFC assessment, based on his determination of non-severity"). The ALJ clearly disregarded Plaintiff's mental impairments in formulating the RFC. AR 21. His conclusion suggests the ALJ "may have relied on his step-two findings to conclude [Plaintiff] had no limitation based on [his] mental impairments," which "is inadequate under the regulations and the Commissioner's procedures." *Wells*, 727 F.3d at 1069.

9

"Under the regulations, however, a finding of non-severity alone would not support a decision to prepare an RFC assessment omitting any mental restriction." *Id.* "The adjudicator must remember that the limitations identified in the 'paragraph B' . . . criteria [for severity] are not an RFC assessment but are used to rate the severity of mental impairment(s) at steps 2 and 3 of the sequential evaluation process." SSR 96-8p, 1996 WL 374184, at *4. "The mental RFC assessment used at steps 4 and 5 of the sequential evaluation process requires a more detailed assessment by itemizing various functions contained in the broad categories found in paragraphs B and C of the adult mental disorders listings in 12.00 of the Listing of Impairments, and summarized on the [Psychiatric Review Technique Form]."[3] *Id.*

---

[3] As in *Wells*, the ALJ here considered Plaintiff's mental functioning when considering his credibility. 727 F.3d at 1069; AR 26-28. And the ALJ noted the November 2016 screening, and his resultant assessment with involutional melancholia – moderate. AR 27. The ALJ also noted his May 19, 2016 depression screening, his prescription and referral for counseling. *Id.* at 26; *see also id.* at 649. The ALJ also noted Plaintiff's February 24, 2016 psychological consultative examination. AR 26. There, Plaintiff also reported feeling depressed. *Id.* Plaintiff's provisional diagnoses were adjustment disorder with depressed mood, and uncomplicated bereavement. *Id.* Finally, the ALJ noted Plaintiff's testimony about feeling depressed. *Id.* at 22-23. But as in *Wells*, "the specific conclusions he reached" in determining h[is] mental RFC "were unsupported by substantial evidence." 727 F.3d. at 1065.

**III.  Conclusion.**

The court REVERSES and REMANDS the Commissioner's decision.

ENTERED this 17th day of January, 2019.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE